## Case No. 2,808.

### In re CLARK et al.

### [6 N. B. R. 202.][1]

### District Court, S. D. New York. Nov. 23, 1871.

#### BANKRUPTCY — OBJECTIONS TO PROOF OF DEBT— CERTIFICATION.

When written objections to a proof of debt are filed with the register and testimony is taken thereon, it is his duty, if requested by either party, to certify the same to the district judge for decision, even though no proof whatever be offered tending to invalidate the debt so proved.

[On certificate of I. T. Williams, Register:]

I, the undersigned register in charge of the above entitled matter, do hereby certify that on the second of August, eighteen hundred and seventy, Thomas D. James made proof before me of his claim against the said estate in due form of law. That on the third day of April, eighteen hundred and seventy-one, the assignee, by C. W. Bangs, his attorney, objected in writing to said claim, and filed said objection with me. That on the second day of November inst. the said Thomas D. James voluntarily appeared before me in person, and the said assignee, by Mr. F. N. Bangs, his counsel, also voluntarily appeared and stated that they desired to take proof of said claim, whereupon the said James was by me duly sworn and proceeded to give testimony. That at the close of said testimony, the said Bangs stated that he desired to state a question and have it certified to the court. He then wrote and signed a paper and handed it to the said James, who

---

[1] [Reprinted by permission.]

thereupon, at the request of Mr. Bangs, signed the same. And I further certify that in my judgment no "point or matter" is raised upon the said papers within the meaning of the sixth section of the act. The words "point or matter arising" in said section must be construed so as to harmonize with the other provisions of the act. It cannot be that everything that a register is required to do can, at the request of a party, be carried before the judge. The order of reference in this case directs the register "to take such proceedings therein as are required by the said act." The act requires the register, in addition to divers specified things, "to sit in chambers and dispatch there such part of the administrative business of the court and such uncontested matters as should be defined in general rules and orders, or as the district judge shall in any particular matter direct."

Now if, upon the papers herewith presented, any point or matter is raised which is not equally raised by every other act a register may do, such point or matter is not perceived by me. The proof of debt, filed the second day of August, eighteen hundred and seventy, established prima facie the right of Mr. James to be placed on the list of unsecured creditors for the sum of one thousand one hundred and twenty-nine dollars and sixty-three cents, principal and interest. The objection to this claim made it proper, and gave both him and the assignee an opportunity to submit such evidence as each might see fit to offer. They have had this opportunity; Mr. James has but repeated the testimony which he gave in his deposition of August second, eighteen hundred and seventy. The assignee offers nothing, but asks that the "point or matter raised" be certified to the judge. How, then, does the case differ from what it would have been had the assignee or any creditor asked to have the point or matter raised on the deposition of August second, certified to the court? Except, perhaps, that there is less reason for such a certifying up, as the deposition of November second gives the proof more circumstantially and more fully than the law seems to require in the deposition of August second. It is perfectly plain that if this may be required to be certified, the register may be compelled to certify every deposition of a creditor proving his debt, when asked to do so by an assignee or a creditor. Such a practice, it is certain, would not be tolerated by the court. It is my custom, and I believe the custom of most of the registers throughout the country, under the decision of this court in Re Orne [Case No. 10,582] to examine upon my own motion, into claims upon which suspicion is thrown either by the assignee or by a creditor, giving to either party if not satisfied with the conclusion to which I have come, an opportunity to have it certified to the judge for decision. I therefore submit that this matter should be re-mitted to the register to proceed thereon according to law. Respectfully submitted.

BLATCHFORD, District Judge. I am of opinion that the facts set forth in the certificate of the register show a case within the provision of the fourth section of the act, that in all matters where an issue of fact or of law is raised and contested by any party to the proceedings before a register, it shall be his duty to cause the question or issue to be stated by the opposing parties in writing, and he shall adjourn the same into court for decision by the judge. In the present case the opposing parties have stated in writing the question or issue. I think on the evidence that all of the claim of Mr. James is allowable, except the item of ten dollars and fifty-six cents.